IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 3:12-cr-104 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | RESPONSE TO MOTION |
| | ) | FOR BILL OF PARTICULARS |
| MARK ANTHONY SIEVERT, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, in the Southern District of Iowa, by and through the United States Attorney for the Southern District of Iowa and his Assistant United States Attorney Clifford R. Cronk III responds to the defendant's motion for a bill of particulars as follows:

**I.      Sievert's Motion**

With respect to the attempted enticement counts, Sievert seeks a bill of particulars identifying the manner of his attempts to entice the minor, that is, how he went about enticing her.   He laments that none of the counts specify the "sexual activities" that were the goal of the enticements and that the indictment fails to specify the criminal offenses that would have been triggered had Defendant been successful in enticing the minor.

Sievert complains that with respect to the Attempted Production of Child Pornography charges contained in Counts 2, 4, 6, 7, 9, 10, and 11, none of those

1

counts identify the minor that is the subject of the images nor do they identify the means and facility of interstate and foreign commerce through which the images would have been transported. He claims he does not know which images he is charged with having attempted to produce.

Lastly, Sievert asks that the Government identify the specific images he possessed, the minor or minors that were the subject of the images, and the means by which the image or images came to existence and into his possession.

The Government resists the motion.

## II. Government's Opposition to Motion for Bill of Particulars – Authorities and Argument

An indictment adequately states an offense if: it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. *United States v. Hernandez,* 299 F.3d 984, 992 (8th Cir. 2002). An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted. *Id*; *United States v. Beasley*, 688 F. 3d 523, 532 (8th Cir. 2012); *United States v. Sewell,* 513 F.3d 820, 821 (8th Cir. 2008). An indictment is insufficient only when an "essential element of substance is omitted." *United States v. White,* 241 F.3d 1015, 1021 (8th Cir. 2001).

In its discretion, a district court "may direct the government to file a bill of particulars." Fed.R.Crim.P. 7(f). A bill of particulars serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague or indefinite. *United States v. Hernandez,* 299 F.3d 984, 989–90 (8th Cir. 2002) (indictment did not specify the exact quantity of drugs involved in the offense). It is not meant, however, as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial or the theory of prosecution. *See United States v. Huggans,* 650 F.3d 1210, 1220 (8th Cir. 2011); *United States v. Wessels,* 12 F.3d 746, 750 (8th Cir. 1993).

Here, the indictment contains all of the essential elements of the offenses charged, fairly informs the defendant of the charges against him, and provides sufficient information to allow the defendant to plead a conviction or acquittal as a bar to subsequent prosecution. The Government has provided discovery to Sievert that includes the images recovered from telephones and a computer as well as detailed records from the cellular telephone companies. The discovery identifies the name of the victim with respect to the production and enticement charges. In fact, the defendant, whose is thirty-nine years old, told the agents, the probation officer and others that he is in love with the fifteen-year-old victim. There is no need to file additional information on the record unless Sievert and his counsel can honestly

represent that they do not know about whom those charges relate.[1]   The Government will challenge any such representation.

The Government has disclosed the manner of the enticement through the discovery process including the fact that the defendant provided a cellular telephone to the victim and sought pornographic images from her. He likewise utilized a social network to entice the minor female.[2]

The discovery and court documents detail Sievert's unlawful sexual contact with the identified minor female including solicitation of anal intercourse with the young girl and then ultimately penetrating her anally with his penis. It details his enticing her to engage in vaginal intercourse with him and his enticing her to perform fellatio on him and swallowing his semen.   The text messages from Sievert's cellular telephone specify dates and times that Sievert sought pornographic images from the victim including images of her inserting her fingers and foreign objects into her vagina at his request. Images of this nature were recovered in connection with this case and were provided to Sievert's counsel for review. There is no lack of specificity with respect to the conduct at issue in this case.

The discovery and the pleadings, including the affidavit in support of the November 2012 search warrant for the Ripley Court address, set forth in detail the

---

[1] In the motion Sievert claims he does not know the identity of the victim but then identifies the victim as a female.   If the defendant does not know about whom the indictment refers then the gender of the victim would not be known.

[2] The defendant's motion in limine demonstrates that the defendant is aware of the manner of the enticement as he seeks to exclude text message evidence, telephone records, and evidence of the defendant's use of social networks.

material recovered in this case. The discovery and court documents address the unlawful sexual activities of Sievert and the victim. This includes Sievert asking for vaginal, oral, and anal sex, and bestiality with the victim and asking her to touch herself for him and masturbate on camera. There is no need to identify the specific criminal statutes in the Iowa code that this conduct makes illegal; Sievert's counsel is well aware of the state law violations at issue here.

There is no chance that Sievert will be surprised by the Government's evidence at trial.

WHEREFORE, the United States respectfully requests that the motion for bill of particulars be denied.

Respectfully Submitted,

Nicholas A. Klinefeldt
United States Attorney

By: /s/_____
Clifford R. Cronk III
Assistant United States Attorney
United States Court House
131 East 4th Street, Suite 310
Davenport, IA  61201
Tel: (563) 449-5432
Email: cliff.cronk@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2013, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by: ECF/Electronic filing.

UNITED STATES ATTORNEY

By: /s/
 Clifford R. Cronk III
 Assistant U. S. Attorney