IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 3:12-cr-104 |
| Plaintiff, ) | |
| ) | |
| v. ) | RESPONSE TO MOTION |
| ) | IN LIMINE |
| MARK ANTHONY SIEVERT, ) | |
| ) | |
| Defendant. ) | |

The United States of America, in the Southern District of Iowa, by and through the United States Attorney for the Southern District of Iowa and his Assistant United States Attorney Clifford R. Cronk III responds to the defendant's motion in limine as follows:

1. The Government agrees not to offer evidence that the defendant has been detained pending trial unless it finds evidence of telephone calls or communications to or from the defendant at the county jail where he is housed or if such other need arises. The Government will seek permission from the court before offering such evidence. No such evidence has been discovered at this point.

2. The Government will not present any evidence or information that the defendant has court-appointed counsel unless the same becomes relevant. At this time, it does not appear that this information has any relevance. The Government will seek permission from the court before offering such evidence.

3. The Government will not offer in its case-in-chief any evidence about the defendant's criminal history unless such evidence becomes relevant. At this time, it does not appear that this information has any relevance. The Government will seek permission from the court before offering such evidence.

4. There is evidence that they defendant may have committed other crimes with other minor females. If such evidence is found and determined to be reliable, then the evidence is relevant and admissible under the Federal Rules of Evidence. The Government will notify the defendant in writing of its intention of offering any such evidence. *See United States v. Reynolds,* 670 F.3d 665, 670 (8th Cir. 2013) (Rule 414 of the Federal Rules of Evidence specifically provides for the admissibility of prior bad acts involving child molestation); *United States v. Summage*, 575 F.3d 864, 878 (8th Cir. 2009) (evidence that Summage abused a minor was highly probative: it established that the defendant had a sexual interest in children and had previously created visual images of children engaged in sexual activity).

5. The evidence of the writings in a notebook discovered by the defendant is not "hearsay." The notebook contains admissions or statements of a party opponent and is excluded from the definition of hearsay. Fed. R. Evid. 801(d)(2). In addition, the notebook is circumstantial evidence of the relationship between the defendant and the victim. *See i.e. United States v.* Markopoulos, 848 F.2d 1036 (10th Cir. 1988) (notebook presented to show circumstantial evidence of conspiracy); *United States v.*

*Panebianco,* 543 F.2d 447, 457 (2d Cir. 1976) (same). The Government opposes the defendant's motion to exclude this evidence.

6. The evidence found on computers including the names of computer files and folders and the contents of the files is not hearsay just like a person's address, date of birth, make and model of car, and license plate number are not hearsay. The Government opposes the motion to exclude this evidence.

7. The text message content was seized from telephones and from telephone records. The text messages are admissible, not just as statements of the defendant but as circumstantial evidence of the crimes, and as business records. The Government opposes the exclusion of this evidence.

8. The Government does not intend to offer a video-recorded interview conducted with the victim unless to refresh the victim's recollection, as past recollection recorded, or to impeach the victim with a prior inconsistent statement.

9. The Government intends to offer text messages sent between the defendant's phone and the victim's phone. The Government will authenticate these messages through records, identification of the ownership and possession of the telephones, and through testimony. The Government opposes the exclusion of this evidence.

10. The Government has subpoenaed records of accounts of the defendant from social network sites on the internet. These sites contain statements posted on the defendant's "page" or account. The statements are relevant to show a

connection and communication between the defendant and the victim. They are admissible as business records, as statements of the defendant, and as circumstantial evidence of the crimes charged. The Government opposes the exclusion of this evidence.

11. Defendant's claim that the admission of evidence will violate his Sixth Amendment rights under the Confrontation Clause is too vague and unsubstantiated to fashion a response. The Government is obligated to guard the rights of the accused and will take affirmative steps to assure that evidence admitted at trial meets constitutional standards.

12. Evidence that the defendant thought of harming himself is evidence of consciousness of guilt and is admissible. The Government opposes exclusion of this evidence.

Respectfully Submitted,

Nicholas A. Klinefeldt
United States Attorney

By:   /s/_____
Clifford R. Cronk III
Assistant United States Attorney
United States Court House
131 East 4th Street, Suite 310
Davenport, IA   61201
Tel: (563) 449-5432
Email: cliff.cronk@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2013, I electronically filed the foregoing with the Clerk of Court using the CM ECF system.   I hereby certify that a copy of this document was served on the parties or attorneys of record by:   ECF/Electronic filing.


UNITED STATES ATTORNEY

By: /s/
    Clifford R. Cronk III
    Assistant U. S. Attorney