UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. CR12-0104 |
| v. | DEFENDANT'S SUPPLEMENTAL MOTION IN LIMINE |
| MARK SIEVERT, | |
| Defendant. | |

Defendant Mark Sievert appears by counsel, and moves the Court for an Order *in limine,* excluding the following from trial:

1. The government may offer testimony that Defendant engaged in "grooming" behavior with one or more minors. The government has not given notice that any of its witnesses will be offered as experts on this issue. Furthermore, such evidence risks becoming opinion evidence on the "ultimate issue" of intent in violation of Rule 704(b); it may constitute improper character evidence under Rule 404(a); and it can be far more prejudicial than can sustain any probative value under Rule 403.

2. The government may offer evidence that certain commercial DVD recordings were discovered among Defendant's belongings during a search of his home on November 21, 2012. The DVDs are not alleged to contain contraband; do not relate to any of the issues in this case; and do not depict Defendant or the alleged victim. Such evidence is far more prejudicial than probative, and should be excluded as irrelevant. Rules 403 and 404.

3. The government has filed a Notice (Docket No. 67) of its intent to offer evidence relating to a minor female (T.B.), with whom the government alleges

Defendant had an improper relationship or at least a prurient interest. Such evidence should be excluded.

The government's Notice does not specify under which rule of evidence it is made. Rule 412(b) permits the receipt of evidence of specific instances of a victim's behavior if offered by the prosecution. The Advisory Committee Notes to the 1994 Amendments to Rule 412 suggest that this might be used to show other instances of (uncharged) sexual contact between the alleged victim and the Defendant, to show a pattern of behavior between the two. However, the government's Notice relates to minor T.B. and not S.W., the alleged victim of the crimes with which Defendant is charged. Furthermore, the Notice was untimely filed on April 2, 2014, less than 14 days before trial. Rule 412(c)(1)(B).

Rule 413 permits the admission of evidence that the defendant committed "any other sexual assault." The term "sexual assault" is defined in Rule 413(d) as a relatively high-level sex crime. According to the descriptions in the government's Notice, none of the behaviors or incidents that allegedly occurred between Defendant and T.B. even come close to a serious state or federal sex crime. Furthermore, the Notice was untimely disclosed less than 15 days before trial. Rule 413(b).

Rule 414 permits the admissibility of evidence of a defendant's other similar crime(s) of "child molestation." However, neither T.B. nor S.W. meet the Rule's definition of a "child" as a person under age 14. Rule 414(d)(1). Nor does the alleged conduct with T.B. meet the definition of "child molestation" under Rule 414(d)(2).

The minor, T.B., can present no evidence concerning the charges against Defendant, all of which involve a different minor female, S.W. It is irrelevant. Rule 402.

2

Thus the evidence really is "propensity" evidence, offered in violation of Rule 404, and substantially more prejudicial than probative. Rule 403. It confuses the issues and wastes time. Rule 403. The court should exclude all evidence concerning the minor T.B.

   4. The Court must make a determination, outside the presence of the jury, under Rule 104 relating to the admissibility of those government exhibits containing <u>cell phone call and message records</u>. The government must lay a proper foundation for the authenticity of the records. It does not appear that Government Exhibits 5, 6, 7, 29, and 30 are kept in the ordinary course of business. Rule 902(11). Furthermore, such evidence is hearsay for which the "business record exception" does not apply. Rule 803(6). Photographs of images or text messages on a phone screen are likewise hearsay and should be excluded. It is within the trial court's discretion to exclude such evidence. <u>United States v. Manning</u>, 738 F.3d 937 (8th Cir. 2014).

   5. Furthermore, the court should exclude as irrelevant the voluminous evidence of <u>text messages not directly relating</u> to the charges in the Indictment. For example, there is correspondence allegedly between Defendant and family members or friends about softball games, shopping, or pets. Rule 403.

   6. The government may offer evidence of internet searches, websites visited, and other data from computers seized in this matter. Such evidence is hearsay, because the government cannot definitively show such statements were made by Defendant. <u>Compare</u> <u>Manning</u>, where the statements were supported by identifying information restricting the possible number of speakers to just the defendant, coupled with the fact that defendant admitted no one else used his computer. <u>Id.</u> at 943.

7. The government may offer evidence of Defendant's prior convictions. Such evidence is irrelevant and inadmissible even if Defendant should choose to take the stand.

8. The government may offer evidence that Defendant has been detained since his arrest in 2012. This can suggest to the jury that Defendant is dangerous and should be convicted to be kept off the streets permanently. Such evidence is far more prejudicial than probative and is thus irrelevant.

For all the reasons cited above, Defendant moves the Court for an Order *in limine* excluding such evidence at trial.

                                            */s/ Anne M. Laverty*
Anne M. Laverty
MULLIN & LAVERTY, LC
1636 42nd Street NE
Cedar Rapids, Iowa 52402
Phone: (319) 395-9191
Fax: (319) 395-9192
E-mail: alaverty@mullinlaverty.com

ATTORNEYS FOR DEFENDANT
MARK SIEVERT

CERTIFICATE OF SERVICE
The undersigned certifies that a copy of this document was served on April 13, 2014 on each of the parties or their attorneys at their addresses of record via ECF.

*/s/ Anne M. Laverty*

cc: Mark Sievert
     AUSA Clifford Cronk, III