UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:12-cr-104 |
| ) | |
| v. ) | Amended PLEA AGREEMENT |
| ) | |
| MARK ANTHONY SIEVERT, ) | |
| ) | |
| Defendant. ) | |

The United States of America (also referred to as "the Government") and the defendant, MARK ANTHONY SIEVERT, and defendant's attorney, enter into this Plea Agreement.

**A. CHARGES**

1. *Subject Offenses.* Defendant will plead guilty to Counts 1, 2, 6 and 13 of the Indictment. Count 1 charges Attempted Enticement of a Minor beginning on or about July 8, 2012, and continuing to on or about July 16, 2012 in violation of Title 18, United States Code, Section 2422(b). Count 2 charges Attempted Production of Child Pornography beginning on or about July 17, 2012, and continuing to on or about July 19, 2012 in violation of Title 18, United States Code, Sections 2251(a) and 2251(e). Count 6 charges Attempted Production of Child Pornography beginning on or about July 27, 2012, and continuing to on or about July 28, 2012 in violation of Title 18, United States Code, Sections 2251(a) and 2251(e). Count 13 charges Receipt of Child Pornography on or between July 8, 2012 and September 14, 2012 in

1



violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1).

2. *Charges Being Dismissed.* If the Court accepts this plea agreement, the remaining counts of the Indictment will be dismissed at the time of sentencing.

3. *No Further Prosecution.* The Government agrees that Defendant will not be charged in the Southern District of Iowa with any other federal criminal offense arising from or directly relating to this investigation. This paragraph and this Plea Agreement do not apply to (1) any criminal act occurring after the date of this agreement, (2) any crime of violence, or (3) any criminal offense which Defendant did not fully disclose to law enforcement during Defendant's interviews pursuant to any proffer or other agreements with the United States.

## B. MAXIMUM PENALTIES

4. *Maximum and Mandatory Minimum Punishment.* Defendant understands: Count 1 carries a maximum sentence of life in prison and a mandatory minimum sentence of ten years, a maximum fine of $250,000, and a term of supervised release of life; Counts 2 and 6 carry a maximum sentence of thirty years and a mandatory minimum sentence of fifteen years, a maximum fine of $250,000, and a term of supervised release of life; and Count 13 carries a maximum sentence of twenty years, a mandatory minimum sentence of five years, a maximum fine of $250,000, and a term of supervised release of life. Consecutive sentences may be imposed. A mandatory special assessment of $100 per count also must be imposed by the sentencing court. Defendant understands that the Court may not impose a sentence less than the mandatory minimum sentences. No one has promised Defendant that

Defendant will be eligible for sentences less than the mandatory minimum sentences.

5. *Supervised Release--Explained.* Defendant understands that, during any period of supervised release or probation, he will be under supervision and will be required to comply with certain conditions. If Defendant violates a condition of supervised release, he could be sentenced up to five (5) years in prison, without any credit for time previously served on supervised release.

6. *Detention.* Defendant agrees that he will remain in custody following the completion of the entry of his guilty pleas to await the imposition of sentence.

## C. NATURE OF THE OFFENSE -- FACTUAL BASIS

7. *Elements of Count 1 understood.* Defendant understands that to prove the offense alleged in Count 1, Attempted Enticement of a Minor to engage in sexual activity, the Government would be required to prove beyond a reasonable doubt the following three essential elements:

> (a) the defendant did attempt to persuade, induce, or entice an individual who had not attained the age of 18 years, to engage in sexual activity;
>
> (b) the defendant did use a facility or means of interstate or foreign commerce to do so; and
>
> (c) the defendant did so under circumstances that had he successfully completed the sexual activity it would have been a criminal offense.

A defendant is guilty of attempt when he intends to commit the crime and voluntarily and intentionally carries out some act which was a substantial step toward the commission of the crime.

3

*ms*

8. *Elements of Counts 2 and 6 understood.* Defendant understands that to prove the offenses alleged in Counts 2 and 6, Attempted Production of Child Pornography, the Government would be required to prove beyond a reasonable doubt the following elements:

> (a) the defendant attempted to employ, use, persuade, induce or entice a person under the age of eighteen to engage in sexually explicit conduct;
>
> (b) the defendant did so for the purpose of producing visual depictions of such conduct;
>
> (c) if the defendant had succeeded, visual depictions of such conduct would have been produced;
>
> (d) the defendant knew or had reason to know the visual depictions would be transported in interstate or foreign commerce; and
>
> (e) if the defendant had succeeded, the visual depictions would have been transported or transmitted using any means or facility of interstate or foreign commerce, including by cellular phone.

A defendant is guilty of attempt when he intends to commit the crime and voluntarily and intentionally carries out some act which was a substantial step toward the commission of the crime.

9. *Elements of Count 13 understood.* Defendant understands that to prove the offense alleged in Count 13, Receipt of Child Pornography, the Government would be required to prove beyond a reasonable doubt the following elements:

> (a) the Defendant knowingly received a visual depiction;
>
> (b) such visual depiction was shipped or transported in interstate or foreign commerce by any means including computer;

4

(c) the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

(d) such visual depiction is of a minor engaged in sexually explicit conduct; and

(e) the Defendant knew that at least one of the performers in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

10. *Elements Admitted.* As a factual basis for his pleas of guilty, Defendant admits the Government's evidence will show the following:

(a) At all relevant times, the female minor victim (victim) that is the subject of Counts 1, 2 and 6 was and is a minor female born in 1998, and the defendant, Mark Anthony Sievert (Sievert), is an adult male born in 1972. It was and is a crime in the State of Iowa for Sievert to engage in sexual activities including sexual contact with the victim.

(b) From the period beginning around July of 2012, and continuing to on or about October of 2012, Sievert engaged in text-messaging with the victim and had physical contact with the victim. Defendant Sievert knew the victim's age because the victim told him her age and because she was the daughter of his friends.

(c) A search warrant was obtained for the cellular telephones of Sievert that were left at his residence in Muscatine after his arrest. The cellular telephones were seized and opened and found to contain dozens of images of child pornography of the victim, several depicting her vaginal area while she is inserting her finger(s) and a curling iron. These images are consistent with images requested from the victim by Sievert. A review of the text messages contained in I- Wireless records for Sievert's telephones revealed several communications by Sievert requesting that the victim produce sexually explicit images and send them to Sievert. There are text messages in which Sievert directed the victim to produce and send sexually explicit videos of the victim masturbating. During telephone text-messaging, Sievert persuaded and induced the victim to take pornographic images of herself and send them to him. The victim did produce digital images of herself including images that involved the lascivious display of her genitals with a cellular telephone provided to the victim by Sievert. She did send them

5

MS

to Sievert's cellular telephone at his request and direction.

(d) (Count 1) From July 8 through July 16, 2012, text messages designed to persuade, induce and entice the victim to engage in unlawful sexual activity were sent to the victim by Sievert, including the following:

> From Sievert: " . . . u know i want to wait til u r really ready and its going to probly hurt the first time."

> On July 9, 2012, a text from Sievert's phone to the victim's phone reads: "Losing your virginity is a very big deal for u its sacride thing it has to b with the right person at the right time."

> On or about July 15, 2012, the defendant engaged in vaginal intercourse with the victim.

> On July 16, 2012, a text from Sievert's phone reads, in part: "I love u and cant stop thinkin about u you dont regret lastnite do u...CAUSE I HURT U." The victim sent back a text message that reads: "yeah i knew u would but i didnt care an im fine it would happen sooner or later anyways an its ok it didnt hurt as bad as i thought it would so plz quit."

(e) (Count 2) From July 17, 2012 to July 19, 2012 Sievert sent text messages to the victim to persuade, induce and entice her to engage in sexually explicit conduct and to produce visual depictions of such conduct, including the following:

> On July 17, 2012, a text message sent from Sievert, through his cellular telephone to the victim, reads: "Send me vag pic hun". A few minutes later he texted: "Cant help it i want to see my babys body". Then, after she failed to send anything, he sent another text message: "So why do i send u pic of me all the time but get nothing back". Sievert sent another text message: "And i got booby pic lol wishing i had the other pic". He continued: "U asked y i wanted a pic of vag". Sievert explained: "y pic i am just fasinated with it and i can never see it at night i just wanted it so i can look at it when im away from u that way i can take care of it". After a couple of hours of back and forth chatting, Sievert sent a text message: "U can sdnd pics now". When that does not result in the victim sending images he sent another text



message: "I sent u a pic of my weiner". Finally, on July 19, 2012, an image of the victim's vagina was sent from the victim's phone to Sievert's. He then expressed: "Omg i love u and y do u hate it and have u taken them before - And its better than the last one at least i can see it." The victim responds: "um no lol i hate taking pics of places like that lol an idk y happy now freak help with your horniness."

(f) (Count 6) On July 27, 2012, Sievert sent text messages to the victim to persuade, induce and entice her to engage in sexually explicit conduct and to produce visual depictions of such conduct, including the following: "I dare u to send me a pic of that hair i love and dont ruin my fun please i love u." Images were sent by the victim and Sievert thanked the victim. Sievert then sent another text message: "Send me a pic with your finger in your pussy please." The victim asked why he wants that and he responded: "Well u always say later when i ask for a pic i dont understand i see it in person i lick it i do other stuff with it im the time of person that liles pictures of stuff if thats a bad thing than i guess u dont have to be with a freak likee me ill understand I like excitment sorry." On July 28, 2012, the text string starting with Sievert's message reads: "Wow baby that is accually a good pic now that i look at it good job thank you u r a professional" and the victim responded: "Whatev lol lol u still want another lol ti amo lol." Sievert: "Always with it opened up more and one with your finger in it". Pictures of the victim's vagina with her finger(s) inserted into it were found on the cellphone used by the victim and provided to her by Sievert.

(g) (Count 13) Between July 8, 2012, and September 14, 2012, Sievert received numerous images of child pornography depicting the victim engaged in sexually explicit conduct including the lascivious display of the victim's genitals. The images were produced using the cellular telephone provided by Sievert to the victim and were sent via telephone service using facilities of interstate and foreign commerce.

11. *Truthfulness of Factual Basis*. Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's

7

attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

12. *Venue*. Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

**D. SENTENCING**

13. *Rule 11(c)(1)(C) plea agreement-Joint Sentencing Recommendation*. Under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that the Court should impose a sentence of at least 180 months in prison and not more than 240 months in prison. At the time of sentencing, the parties will not advocate for a prison sentence higher than 240 months nor lower than 180 months in prison. The parties agree that this sentence takes into account all of the relevant factors set forth under 18 U.S.C. § 3553(a), including the advisory sentencing guidelines calculation, the nature and circumstances of the offenses, the history and characteristics of the defendant, and other pertinent mitigating and aggravating factors. The parties agree that a prison sentence between 180 and 240 months, inclusive, is a prison sentence that is sufficient but not greater than necessary to satisfy the essential purposes of sentencing. Should the Court decline to accept the plea agreement and impose a sentence in the agreed-upon range, defendant may withdraw his pleas of guilty, and the case will then proceed to trial as soon as practicable.

14. *Sentencing Guidelines discussed*. Defendant has discussed the Sentencing

Guidelines with his attorney. Defendant understands that normally the Court would have the authority to "depart" or "vary" from the Guidelines and impose a sentence more severe or less severe than provided by the Guidelines, up to the maximum sentence prescribed by the statute of conviction. Defendant understands that if the Court accepts this plea agreement there will be no departure or variance from the agreed-upon range set forth above.

15. *Right to Withdraw Plea.* Defendant understands that he may withdraw his guilty plea and from the provisions of this plea agreement only if the Court decides not to accept the binding sentence recommendation.

16. *Presentence Report.* Defendant understands that the Court may defer a decision as to whether to accept this plea agreement until after a Presentence Report has been prepared by the United States Probation Office, and after defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report.

17. *Evidence at Sentencing.* Defendant, Defendant's attorney, and the Government attorney will be permitted to make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case, provided such offer or comment does not violate any other provision of this agreement. The parties are also free to provide all relevant information to the U.S. Probation Office for use in preparing a presentence report.

E. **FORFEITURE, FINES, COSTS, AND RESTITUTION**

18. *Forfeiture.* Defendant agrees to forfeit his interest in the property

identified in the Indictment, including the property subject to forfeiture as property involved in the violations of set forth in the entire indictment and includes, but is not limited to, all of the cellular telephone seized from the defendant and any computers used by the defendant that were found to contain child pornography or to contact minors. Defendant will execute any documents as directed by the Government to complete the forfeiture.

19. *Waivers Regarding Forfeiture.* Defendant waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds. Defendant further agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive him notwithstanding the abatement of any underlying criminal conviction after execution of this Plea Agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

20. *Consent to Judgment of Forfeiture.* Defendant agrees to waive all interest in assets subject to this Plea Agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at

sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

21. *Fines and Costs.* Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

22. *Special Assessment.* Defendant agrees to pay the mandatory special assessment of $100 per count at or before the time of sentencing, as required by 18 U.S.C. § 3013.

23. *Restitution.* Defendant agrees that the Court should impose an order of restitution for all relevant conduct in an amount to be determined by the Court; that such order of restitution shall be due and payable immediately; and that if Defendant is not able to make full payment immediately, Defendant shall cooperate with the United States Probation Office in establishing an appropriate payment plan, which shall be subject to the approval of the Court, and thereafter in making the required payments. Any such payment plan does not preclude the Government from utilizing any collections procedures pursuant to the Federal Debt Collections Act and including the Treasury offset program.

24. *Financial Statement.* Defendant agrees to complete truthfully and in full a financial statement provided by the U.S. Attorney's Office, and return the financial statement to the U.S. Attorney's Office within 30 days of the filing of this Plea Agreement.

11

## F. LIMITED SCOPE OF AGREEMENT

25. *Limited Scope of Agreement.* This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement. Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

26. *Agreement Limited to Southern District of Iowa.* This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## G. COLLATERAL CONSEQUENCE

27. *Sex Offender Registry.* Defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. Defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence, employment, or student status, or relevant information. Defendant shall comply with requirements to periodically



verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction. As a condition of supervised release, Defendant shall initially register, if required, with the state sex offender registration in the state of Iowa, and shall also register with the state sex offender registration agency in any state where he resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update Defendant's registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## H. WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

28. *Trial Rights Explained*. Defendant understands that this guilty plea waives the right to:

(a) continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

(b) a speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

(c) the assistance of an attorney at all stages of trial and related proceedings, to be paid at government expense if Defendant cannot afford to hire an attorney;

(d) confront and cross-examine adverse witnesses;



(e) present evidence and to have witnesses testify on behalf of Defendant, including having the court issue subpoenas to compel witnesses to testify on Defendant's behalf;

(f) not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

(g) if Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at government expense if Defendant cannot afford to hire an attorney.

29. *Waiver of Appeal and Post-Conviction Review.* Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charges or to the Court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the district court, to the extent that an appeal is authorized by law. Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct not known to Defendant, or reasonably knowable, at the time of entering this Plea Agreement.

## I. VOLUNTARINESS OF PLEA & OPPORTUNITY TO CONSULT WITH COUNSEL

30. *Voluntariness of Plea.* Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:



(a) Defendant has had a full opportunity to discuss all the facts and circumstances of his case with his attorney; Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

(b) No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

(c) No one has threatened Defendant or his family to induce this guilty plea.

(d) Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

31. *Consultation with Attorney.* Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

(a) Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

(b) Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

(c) Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## J. GENERAL PROVISIONS

32. *Entire Agreement.* This Plea Agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be *in writing* and signed by all parties.

33. *Public Interest.* The parties state this Plea Agreement is in the public



interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

34. *Execution/Effective Date.* This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

## K. SIGNATURES

35. *Defendant.* I have read all of this Plea Agreement and have discussed it with my attorney. I fully understand the Plea Agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this Plea Agreement. I have not been threatened in any way to get me to enter into this Plea Agreement. I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

7-28-14  
Date

_____  
Mark Sievert

36. *Defendant's Attorney.* I have read this Plea Agreement and have discussed it in its entirety with my client. There is no Plea Agreement other than the

16

agreement set forth in this writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of his own free will, with full knowledge of his legal rights, and without any coercion or compulsion. I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

7/28/14
Date

Terence L. McAtee
Attorney for Defendant
Northwest Bank Building
101 West 2nd Street, Suite 401
Davenport, IA.   52801
Tel:   (569) 322-8931
Fax:  (563) 383-0052
Email: Terry_McAtee@fd.org

37. *United States*. The Government agrees to the terms of this Plea Agreement.

Nicholas A. Klinefeldt
United States Attorney

7/28/2014
Date

By: Clifford R. Cronk III
Clifford R. Cronk III
Assistant United States Attorney
131 East Fourth Street, Suite 310
Davenport, Iowa   52801
Tel: (563) 449-5432
Fax: (563) 449-5433
Email: cliff.cronk@usdoj.gov



17