IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | CRIMINAL NO. 3:12-cr-104 |
| Plaintiff, | ) | |
| | ) | DEFENDANT'S SENTENCING |
| vs. | ) | MEMORANDUM |
| | ) | |
| MARK ANTHONY SIEVERT, | ) | |
| | ) | |
| Defendant. | ) | |

## I.  INTRODUCTION

On July 29, 2014, Mr. Sievert pled guilty to Count 1 (Attempted Enticement of a Minor), Count 2 (Attempted Production of Child Pornography), Count 6 (Attempted Production of Child Pornography), and Count 13 (Receipt of Child Pornography).  These guilty pleas were entered pursuant to an 11(c)(1)(C) plea agreement, in which the parties agreed that Mr. Sievert's sentence should be at least 180 months in prison but no more than 240 months in prison.  The remaining counts of the Indictment will be dismissed at the time of sentencing, which is scheduled for October 23, 2014.

There are several issues remaining for sentencing, including:

        A.        Whether Mr. Sievert should receive a two level enhancement for obstruction of justice, pursuant to U.S.S.G. §3C1.1;

        B.        Whether Mr. Sievert has accepted responsibility, pursuant to U.S.S.G.§3E1.1;

        C.        Whether Mr. Sievert should receive a two level enhancement for distribution, pursuant to U.S.S.G. §2G2.1(b)(3); and

        D.        What is the appropriate sentence, pursuant to 18 U.S.C. § 3553(a).

1

## II. AN OBSTRUCTION OF JUSTICE ENHANCEMENT IS NOT APPLICABLE.

In the presentence report, Mr. Sievert was assessed a 2 level increase for obstruction of justice. (PSR, ¶54). Defendant objects to this increase. U.S.S.G. §3C1.1 states:

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels.

Application Note 1 states as follows:

> <u>In General</u>. This adjustment applies if the defendant's obstructive conduct (A) occurred with respect to the investigation, prosecution, or sentencing of the defendant's instant offense of conviction and (B) related to (i) the defendant's offense of conviction and relevant conduct; or (ii) an otherwise closely related case, such as that of a co-defendant.
>
> Obstructive conduct that occurred prior to the start of the investigation of the instant offense of conviction may be covered by this guideline if the conduct was purposefully calculated, and likely, to thwart the investigation or prosecution of the offense of conviction.

The government is alleging that Mr. Sievert, through a third party, "contacted the victim with the intent to get her to change her story and exonerate him," thereby attempting "to impede justice." Government's Sentencing Memorandum, p. 5-6. Mr. Sievert denies this allegation.

The government will attempt to prove this allegation by introducing the testimony of a former inmate at the Muscatine County Jail. This inmate will apparently testify that Mr. Sievert asked him to contact the victim. This testimony is not credible and should not be relied upon. At the time of the alleged attempted obstruction, Mr. Sievert had already pled guilty. Further, he had already agreed to a minimum prison sentence of 15 years. It is undisputed that the victim, prior to Mr. Sievert's guilty pleas, had given inconsistent statements regarding Mr. Sievert's

actions. (PSR, ¶13). Mr. Sievert knew these prior "conflicting and contradictory" statements were ultimately of little consequence and he would also have been aware that one more inconsistent statement would make no difference in his case. Therefore, Mr. Sievert had no motive to attempt to get the victim to change her story. Mr. Sievert did not threaten, intimidate or otherwise unlawfully influence a co-defendant, witness, or juror, or attempt to do so. See U.S.S.G. §3C1.1, Application Note 4(A). An enhancement for obstruction of justice is not warranted in this matter.

### III. MR. SIEVERT SHOULD RECEIVE A THREE LEVEL DECREASE FOR ACCEPTANCE OF RESPONSIBILITY.

U.S.S.G. §3E1.1 provides as follows:

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

(b) If the defendant qualifies for a decrease under subsection (a) the offense level determined prior to the operation of subsection (a) is level **16** or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by **1** additional level.

<u>Application Note</u> 1 states:

In determining whether a defendant qualifies under subsection (a), appropriate considerations include, but are not limited to, the following:

(A) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct). Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a). A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection.

3

> However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility:
>
> (B) voluntary termination or withdrawal from criminal conduct or associations;
>
> (C) voluntary payment of restitution prior to adjudication of guilt;
>
> (D) voluntary surrender to authorities promptly after commission of the offense;
>
> (E) voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense;
>
> (F) voluntary resignation from the office or position held during the commission of the offense;
>
> (G) post-offense rehabilitative efforts (e.g., counseling or drug treatment); and
>
> (H) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.

Application Note 3 adds:

> Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under §1B1.3 (Relevant Conduct) (see Application Note1(A)), will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a). However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.

Mr. Sievert pled guilty to 4 of the 13 counts of the Indictment, and in his plea agreement he agreed to serve a minimum term of 15 years in prison. Clearly, Mr. Sievert has complied with the requirements of U.S.S.G. §3E1.1.

The basis in the presentence report for denying the reduction is §3E1.1, Application Note 4. This note states:

> Conduct resulting in an enhancement under §3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§3C1.1 and 3E1.1 may apply.

In this regard, the Eighth Circuit Court of Appeals has identified a number of non-exclusive factors for the courts to consider in deciding whether a case is "extraordinary." These include whether:

> The obstruction of justice was an isolated incident early in the investigation or an on-going effort to obstruct the prosecution,...whether [the defendant] voluntarily terminated the obstructive conduct, or whether the conduct was stopped by law enforcement...[and] whether [the defendant] admitted and recanted his obstructive conduct, or whether he denied obstruction of sentencing."

*United States v. Hutterer*, 706 F.3d 921, 925 (8th Cir. 2013).

As was stated above, there was no on-going effort to obstruct the prosecution. Therefore, Mr. Sievert should receive a 3 level decrease for acceptance of responsibility.

## IV. THE DISTRIBUTION ENHANCEMENT IS NOT APPLICABLE.

The presentence report writer has assessed a two level increase pursuant to U.S.S.G §2G2.1(b)(3) because "the offense involved distribution." (PSR, ¶49). Application Note 1 provides as follows:

> "Distribution" means any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor. Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant.

Mr. Sievert's offense involved the receipt of child pornography, but not distribution. The government's reliance on *United States v. Odom*, 694 F.3d 544 (5th Cir. 2012) is misplaced because in that case a co-defendant was involved in distribution. *Id*. At 547. There is no

evidence that Mr. Sievert ever distributed, or even intended to distribute, child pornography. This enhancement should not be applied.

## V.	APPROPRIATE SENTENCE.

18 U.S.C. §3553(a) provides that the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. Paragraph 2 refers to:

> "The need for the sentence imposed - A) to reflect the seriousness of the offense; to promote respect for the law, and to provide just punishment for the offense; B) to afford adequate deterrence to criminal conduct; C) to protect the public from further crimes of the defendant; and D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

Among other factors, a sentencing court is required to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Mr. Sievert has fully accepted responsibility in this matter, and he has agreed to serve a minimum sentence of 15 years in prison. An experienced forensic psychologist has recently evaluated Mr. Sievert and concluded that he suffers from Bipolar Disorder, Type II, with considerable anxiety, post-traumatic stress disorder, and low self-esteem. The forensic psychologist also determined that Mr. Sievert is in a low re-offense risk category. (PSR, ¶92).

Mr. Sievert is now almost 42 years old. A sentence at the high end of the agreed to range would mean that Mr. Sievert would not be released from prison until approximately age 60. The Sixth Circuit Court of Appeals recently relied on statistics compiled by the United States Sentencing Commission and the Bureau of Justice to reverse a lengthy sentence which was given to a 46 year old bank robber. These statistics, "suggest that past fifty years old, there is a significantly lower rate of recidivism." *United States v. Payton*, 754 F.3d 375, 379 (6th Cir.

6

2014). A sentence of 20 years would be greater than necessary to comply with the purposes of sentencing which are set forth in 18 U.S.C. §3553(a)(2). For all of these reasons, Mr. Sievert is requesting a sentence of 15 years in prison.

        FEDERAL DEFENDER'S OFFICE
        MidwestOne Bank Building
        101 W. 2nd Street, Suite 401
        Davenport, Iowa 52801-1815
        TELEPHONE: (563) 322-8931
        TELEFAX: (563) 383-0052
        EMAIL: terry_mcatee@fd.org

By: /s/
    **Terence McAtee**
    Assistant Federal Defender
    ATTORNEY FOR DEFENDANT

cc: Clifford R. Cronk III, AUSA

CERTIFICATE OF SERVICE
I hereby certify that on October 21, 2014, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.
    /s/